IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ROBERT WINKLER and JUDY WINKLER, h/w<br>as ADMINISTRATOR/ADMINISTRATRIX OF<br>THE ESTATE OF LINDALEE FLURI<br>2 Black Eye Susan Road<br>Langhorne, PA  19047<br><br>          v.<br><br>ALLIED RECYCLING, INC.<br>2658 Route 206<br>Mount Holly, NJ  08060<br>           and<br>ROBERT J. ANDERSON<br>4 Franklin Avenue<br>Vincentown, NJ  08088<br>           and<br>AL ELK, SR. and AL ELK, JR. d/b/a ELK'S<br>AUTO CARE<br>206 Hanover Street<br>Pemberton, NJ  08068 | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION NO. |

## COMPLAINT

Plaintiffs, by and through their undersigned counsel, by way of Complaint against defendants hereby say as follows:

### Jurisdictional Statement

1.      This Court has jurisdiction under 28 U.S. C. §1332, as the amount in controversy exceeds seventy-five ($75,000.00) dollars, exclusive of interest and costs, and the defendants and plaintiffs are of diverse citizenship.  Plaintiffs are citizens of the Commonwealth of Pennsylvania and the defendants are citizens of the State of New Jersey.  The accident out of which this claim arises occurred in New Jersey.

## Parties

2. Plaintiffs, Robert Winkler and Judy Winkler, h/w, are the co-Administrators of the Estate of Lindalee Fluri, deceased, having been appointed by the Register of Wills, County of Bucks, Commonwealth of Pennsylvania on August 21, 2012.

3. Plaintiffs' decedent, Lindalee Fluri, age 56 at the time of her death, was a resident of the Commonwealth of Pennsylvania at 168 Rice Drive, Langhorne, PA, 19047, at the time of her death on August 11, 2012.

4. Defendant, Allied Recycling, Inc. (herein "Allied"), is a New Jersey corporation and/or partnership and/or limited partnership and/or limited liability partnership and/or limited liability company, or other similar business entity with a principal place of business at 2658 Route 206, Mt. Holly, New Jersey 08060.

5. Defendant, Robert Anderson (herein "Anderson"), is an adult individual and citizen of the State of New Jersey, who at all relevant times resided therein at 4 Franklin Avenue, Vincentown, New Jersey 08088.

6. Defendants, Al Elk, Sr. and Al Elk, Jr., d/b/a Elk's Auto Care, are adult individuals and citizens and residents of the State of New Jersey, with a principal place of business at 206 Hanover Street, Pemberton, New Jersey 08068.

## Venue

7. The facts and occurrences giving rise to this action took place on or about August 10, 2012 on northbound U.S. Highway 206, Tabernacle Township, Burlington County, New Jersey, thus making the U.S. District Court for the District of New Jersey the proper venue for this action.

## Facts

8.      On the above-referenced date at or about 12:38 p.m., plaintiffs' decedent, Lindalee Fluri was the front seat passenger of a 2007 Chevrolet Equinox being operated by her husband, David Fluri, displaying Pennsylvania Registration GNS8485.   Plaintiffs' decedent's vehicle was traveling in a northbound direction on U.S. Highway 206 in Tabernacle Township, Burlington County, New Jersey and at all relevant times had slowed and then stopped properly in the lane of travel in order to make a left-hand turn into a Valero convenience shop/gas station on the west side of U.S. Highway 206 in this location.

9.      At the same time and place, Anderson, as an employee, agent and/or servant of Allied and/or Al Elk, Sr. and Al Elk, Jr. d/b/a Elk's Auto Care was operating a 2008 Hino 258 flatbed tow truck, displaying New Jersey Registration XX525A, on the same roadway and traveling in the same direction as plaintiffs' decedent's vehicle.

10.     At all times relevant, Anderson was either an employee, agent, servant or workman of defendants Allied or at minimum was a employee of Al Elk, Sr. and Al Elk, Jr. d/b/a Elk's Auto Care and was permissibly co-employed by Allied and was at all times therein acting within the course and scope of such agency and/or employment and at all times was under the dispatch, auspices and control of Allied and Al Elk, Sr. and Al Elk, Jr., d/b/a Elk's Auto Care.

11.     At the time and place referenced earlier herein, and as a direct and proximate result of Anderson's negligence, carelessness and recklessness in the operation of his commercial vehicle, a 2008 Hino 258 flatbed tow truck, a violent motor vehicle accident occurred wherein Anderson failed to slow and/or stop for the plaintiffs' decedent's vehicle which was properly and legally making a left-hand turn into a Valero gas station/convenience shop and Anderson caused his commercial motor vehicle to bluntly run into the right rear of the vehicle in

which plaintiffs' decedent was traveling. This caused the plaintiffs' decedent's vehicle to rotate counter-clockwise and be jettisoned into oncoming traffic at which time it was struck by another commercial motor vehicle traveling in a southbound direction on U.S. Highway 206, a vehicle being operated by Robert S. Hawthorne on behalf of Hub City Distributing Co.

12. At all times material hereto, defendant Allied was the registered owner of the commercial motor vehicle being operated, possessed, maintained or controlled by defendant Robert Anderson.

## FIRST COUNT – NEGLIGENCE
## AS TO ROBERT ANDERSON

13. Defendant Anderson was negligent in the operation of his commercial motor vehicle which was at all times relevant owned by Allied in the following respects:

    a. failing to keep his vehicle under control;

    b. failing to timely apply the brakes;

    c. failing to use appropriate caution when operating his motor vehicle;

    d. at all times relevant Anderson was a methadone user and operating his commercial motor vehicle while under the influence of methadone;

    e. failing to abide by the Federal Motor Carrier Safety Regulations since methadone users are not qualified to operate commercial motor vehicles;

    f. failing to keep a proper lookout on the roadway;

    g. failing to operate his commercial vehicle within the posted speed limit;

    h. failing to operate his commercial vehicle within a reasonable speed under the circumstances;

    i. failing to yield to another vehicle properly traveling on the roadway and properly turning;

  j. failing to properly stop his vehicle;

  k. operating his commercial vehicle without due regard for the right, safety and position of plaintiffs' decedent's vehicle;

  l. failing to remain alert and attentive under the circumstances;

  m. failing to maintain the assured clear distances from the other motor vehicles;

  n. admittedly operating his vehicle on the shoulder of the road in an attempt to pass plaintiffs' decedent's vehicle violating Local, State and Federal regulations, including the Statutes of New Jersey and the Federal Motor Carrier Safety Regulations with regard to operation of vehicles on public streets, highways and roadways;

  o. demonstrating total and utter disregard for the safety of others and willful and wanton disregard for the safety of others on public roadways.

 WHEREFORE, plaintiffs, in their capacity as Administrators of the Estate of Lindalee Fluri, deceased, demand judgment against defendants for compensatory and punitive damages, together with interest, attorneys' fees and costs of suit.

### SECOND COUNT – NEGLIGENCE
### AS TO ALLIED RECYCLING, INC.

 15. Plaintiffs' repeat the allegations of the First Count hereof and incorporate same as if set forth fully and at length herein.

 16. Allied was negligent, careless and reckless in the dispatch and operation of its commercial motor vehicle in the following regards:

      a.      failing to properly hire, train, retain and supervise employees who are capable of safely operating a commercial motor vehicle;

      b.      permitting a driver to operate its commercial motor vehicle who was incapable of safely operating a motor vehicle;

      c.      permitting a driver to operate its commercial motor vehicle who was not qualified as a matter of law to operate a commercial motor vehicle;

      d.      failing to properly inspect a commercial motor vehicle to insure it was in proper working condition and capable of being safely operated;

      e.      failing to comply with Local, State and Federal Regulations including but not limited to, the Statutes of the State of New Jersey and the Federal Motor Carrier Safety Regulations governing the operations of vehicles on public streets, highways and roadways.

      f.      responsibility for the acts and omissions of its driver who was an agent, servant, workman and/or at minimum a co-employee shared with defendants Al Elk, Sr., Al Elk, Jr., d/b/a Elk's Auto Care;

      g.      negligently entrusting the use of a commercial motor vehicle to a driver who defendant Allied knew or should have known was not capable of operating a commercial motor vehicle in a safe and careful manner, and who was likely to use the vehicle in a manner so as to create an unreasonable risk of harm to others;

      h.      negligently entrusting the use of a commercial motor vehicle to a driver who defendant Allied knew or should have known was a methadone user and/or under the influence of methadone and as a matter of Federal law was not qualified to operate a commercial motor vehicle;

      i.      failing to supervise, direct, limit and/or control the use of the commercial

motor vehicle;

  j. failing to exercise a reasonable degree of care for the supervision and operation of the commercial motor vehicle;

  k. failing to exercise due care under the circumstances;

  l. all of the above as set forth demonstrates a total and utter disregard for the safety of others and constitutes a willful and wanton disregard for others including the public traveling on the highways and roadways of the State of New Jersey.

 WHEREFORE, plaintiffs, in their capacity as Administrators of the Estate of Lindalee Fluri, deceased, demand judgment against defendants for compensatory and punitive damages, together with interest, attorneys' fees and costs of suit.

## THIRD COUNT – NEGLIGENCE
## AS TO AL ELK, SR., AL ELK, JR., d/b/a ELK'S AUTO CARE

 17. Plaintiffs' repeat the allegations of the First and Second Counts hereof and incorporate same as if set forth fully and at length herein.

 18. Al Elk, Sr., Al Elk, Jr., d/b/a Elk's Auto Care were negligent, careless and reckless in the dispatch and operation of a commercial motor vehicle in the following regards:

  a. failing to properly hire, train, retain and supervise employees who are capable of safely operating a commercial motor vehicle;

  b. permitting a driver to operate a commercial motor vehicle who was incapable of safely operating a motor vehicle;

  c. permitting a driver to operate a commercial motor vehicle who is not qualified as a matter of law to operate a commercial motor vehicle;

  d. failing to properly inspect a commercial motor vehicle to insure it was in proper working condition and capable of being safely operated;

  e. failing to comply with Local, State and Federal Regulations including but not limited to, the Statutes of the State of New Jersey and the Federal Motor Carrier Safety Regulations governing the operations of vehicles on public streets, highways and roadways.

  f. responsibility for the acts and omissions of its driver who was an agent, servant, workman and/or at minimum a co-employee shared with defendant Allied;

  g. negligently entrusting the use of a commercial motor vehicle to a driver who defendants Al Elk, Sr., Al Elk, Jr., d/b/a Elk's Auto Care knew or should have known was not capable of operating a commercial motor vehicle in a safe and careful manner, who was likely to use the vehicle in a manner so as to create an unreasonable risk of harm to others;

  h. negligently entrusting the use of a commercial motor vehicle to a driver who defendants Al Elk, Sr., Al Elk, Jr., d/b/a Elk's Auto Care knew or should have known was a methadone user and/or under the influence of methadone and as a matter of Federal law was not qualified to operate a commercial motor vehicle;

  i. failing to supervise, direct, limit and/or control the use of a commercial motor vehicle;

  j. failing to exercise a reasonable degree of care for the supervision and operation of a commercial motor vehicle;

  k. failing to exercise due care under the circumstances;

  l. all of the above demonstrates a total and utter disregard for the safety of others and constitutes a willful and wanton disregard for others including the public traveling on the highways and roadways of the State of New Jersey.

 WHEREFORE, plaintiffs, in their capacity as Administrators of the Estate of Lindalee Fluri, deceased, demand judgment against defendants for compensatory and punitive damages,

together with interest, attorneys' fees and costs of suit.

## FOURTH COUNT – SURVIVAL ACTION

19. Plaintiffs' repeat the allegations of the First, Second and Third Counts hereof and incorporate same as if set forth fully and at length herein.

20. There is, and at the time of the accident underlying this action was in full force and effect in the Commonwealth of Pennsylvania a Survival Action Statute, known and designated as 42 Pa.C.S. §8302, and plaintiffs bring this action pursuant to the provisions thereof for the benefit of the Estate of Lindalee Fluri, deceased, including pain, suffering, funeral expenses and all other recoverable losses.

21. There is, and at the time of the accident underlying this action was in full force and effect in the State of New Jersey a Survival Action Statute, known and designated as NJSA 2A:15-3, and plaintiffs bring this action pursuant to the provisions thereof for the benefit of the Estate of Lindalee Fluri, deceased, including pain, suffering, funeral expenses and all other recoverable losses.

22. This action is commenced within two years of the happening of the accident and the death of Lindalee Fluri. Plaintiffs have qualified as co-Administrators of the Estate of Lindalee Fluri and are thereby authorized to commence this action.

WHEREFORE, plaintiffs, in their capacity as Administrators of the Estate of Lindalee Fluri, deceased, demand judgment against defendants for compensatory and punitive damages, together with interest, attorneys' fees and costs of suit.

## FIFTH COUNT – WRONGFUL DEATH

23. Plaintiffs' repeat the allegations of the First, Second, Third and Fourth Counts

hereof and incorporate same as if set forth fully and at length herein.

24. Decedent Lindalee Fluri left surviving her at the time of her demise her parents, plaintiffs herein, Robert Winkler and Judy Winkler, h/w, and by reason of the wrongful death of Lindalee Fluri, those individuals have suffered pecuniary and other recognized damages.

25. There is, and at the time of the accident herein set forth, was in full force and effect in the Commonwealth of Pennsylvania a Wrongful Death Statute, known and designated as the Pennsylvania Wrongful Death Act, 42 Pa.C.S. §8301. Plaintiffs bring this action pursuant to the provisions thereof for the benefit of the next-of-kin of the decedent, Lindalee Fluri.

26. There is, and at the time of the accidednt herein set forth, was in full force and effect in the State of New Jersey a Wrongful Death Statute, known and designated as NJSA 2A:31-1 through 6, and plaintiffs bring this action pursuant to the provisions thereof for the benefit of the next-of-kin of the decedent, Lindalee Fluri.

27. This action is commenced within two years of the happening of the accident and of the death of the decedent.

28. Plaintiffs have qualified as Administrators of the Estate of Lindalee Fluri, as set forth above.

WHEREFORE, plaintiffs, in their capacity as Administrators of the Estate of Lindalee Fluri, deceased, demand judgment against defendants for compensatory and punitive damages, together with interest, attorneys' fees and costs of suit.

## JURY DEMAND

Plaintiffs demand a trial by jury.

Respectfully submitted,

**STARK & STARK**
**A Professional Corporation**

By:_____
JEFFREY A. KRAWITZ
Attorney I.D. # 49530
777 Township Line Road, Suite 120
Yardley, PA  19067
Phone:  (267)907-9600
Fax:    (267) 907-9659
Attorneys for Plaintiffs